UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE,
      Plaintiff                                                       CASE NO: 3:22-cv-00805-OAW

      v.

U.S. DEPARTMENT OF HOMELAND SECURITY,
      Defendant

### Memorandum of Law in Support of Motion to Proceed under Pseudonym and for a Protective Order

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balance against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has provided the following, non-exhaustive factors for courts to consider when determining whether a plaintiff may proceed under a pseudonym:

(1) whether the litigation involves matters that are highly sensitive and personal; (2) whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an

1

atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* 189-90 (citations, alterations, and internal quotation marks omitted).

The Plaintiff, Jane Doe, should be permitted to proceed under pseudonym, and granted a protective order preventing the Defendant from disclosing her name in public court filings. First, her allegations involve matters of highly sensitive and personal nature, including transgender status, mental illness, and a history of sexual assault relevant to the context of the lawsuit. Second, public identification would pose a risk of retaliatory physical or mental harm, especially given her transgender status and the hostile climate in the United States toward transgender individuals. Third, the suit is challenging the actions of the government, and the Defendant is not prejudiced by allowing the Plaintiff to press her claims anonymously.

**I. The Plaintiff's Allegations Involve Matters That Are Highly Sensitive and of a Personal Nature**

The Plaintiff's transgender status is a matter commonly held in courts to be of a highly sensitive and personal nature. As explained in *Doe v. Triangle Doughnuts, LLC*, No. 19-cv-5275, at *8 (E.D. Pa. June 23, 2020), "In regard to transgender people specifically, courts have allowed anonymity due to the private and intimate nature of [transgender status] as well as the widespread discrimination, harassment, and violence faced by these individuals." The confidentiality afforded to transgender individuals acknowledges that it is a condition that is associated to desire to preserve one's own medical confidentiality due to its unique nature. "[Transgender status] is the unusual condition that is likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Powell v. Schriver*, 175 F.3d at 111 (2d Cir. 1999). "[Transgender people] have a constitutional right to

maintain confidentiality." *Wheeler-Whichard v. Doe*, 10-CV-0358S, at *12 (W.D.N.Y. Aug. 24, 2010) (citing *Powell v. Schriver*, 175 F.3d 197, 111 (2d Cir. 1999)). "I need cite no authority for the proposition that homosexuals in the United States today are frequently met with scorn or hatred. While [transgender status] and homosexuality are not the same or even related phenomena, bigoted persons are no more likely to tolerate one than the other of these … practices….As a [transgender individual], plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion." *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992).

In regard to the Plaintiff's past sexual assault, courts have considered the topic of sexual assault as one where anonymity is warranted. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (recognizing that "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity"). In addition, when considering the Plaintiff has been diagnosed with post-traumatic stress disorder related to the past sexual assault, a history of mental illness is also a factor that can weigh in favor of proceeding under a pseudonym, as set forth in *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020). This is especially the case in the instant complaint regarding the need for a disability accommodation or modification due to PTSD from sexual assault when the nature of the accommodation or modification is avoid specific trauma triggers with some forms of touching but not others, which requires disclosing some basic, yet highly sensitive and personal, details of the prior sexual assault to make it clear why.

## II. Identification Poses a Risk of Physical or Mental Harm to the Plaintiff

There is a present and real threat of violence that transgender individuals such as Plaintiff face if outed as transgender to the public at large under a legal name searchable online. Courts

that have considered the issue commonly agree. "The Court believes this fear is justified, and takes judicial notice of the increased threat of violence to which transgender individuals are exposed. *See* 'A Time to Act: Fatal Violence Against Transgender People in America in 2017,' at 33, available at http://assets2.hrc.org/files/assets/resources/A_Time_To_Act_2017_REV3.pdf." *Doe v. City of Detroit*, Civil Action No. 18-cv-11295, at *4 (E.D. Mich. July 17, 2018); *see also Foster v. Andersen*, No. 18-2552-DDC-KGG, at *3 (D. Kan. Jan. 25, 2019) ("C.K. alleges that disclosing his transgender status will subject him to discrimination, harassment, and violence. The court finds C.K.'s fears are justified."); *see also Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *see also F.V. v. Barron*, 286 F. Supp. 3d 1131, 1137 (D. Idaho 2018) ("Transgender people who present mismatched identification are verbally harassed, physically assaulted, denied service or benefits, or asked to leave the premises."); *see also Foster v. Andersen*, No. 18-2552-DDC-KGG, at *4 (D. Kan. Jan. 25, 2019) ("concluding that forced disclosure of a transgender person's status 'exposes transgender individuals to a substantial risk of stigma, discrimination, intimidation, violence, and danger'") (citing *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018)). Permitting Jane Doe to proceed anonymously also recognizes the right of transgender individuals to maintain medical confidentiality in light of the increased hostility they often face. *Powell v. Schriver*, 175 F.3d 107, 111-12 (2d Cir. 1999) (individuals who are transgender are among those who possess a constitutional right to maintain medical confidentiality because transgender status is the unusual

condition that is likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others).

### III. The Suit is Challenging the Actions of the Government, and the Defendant is not Prejudiced by Allowing the Plaintiff to Press her Claims Anonymously

There is no risk of prejudice to the opposing parties in this matter, particularly since the Defendant is a federal government agency, and Jane Doe's identity has no bearing on the Defendant's ability to address the legal issues raised in this case. *E.W. v. N.Y. Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("where a plaintiff attacks governmental activity … the plaintiff's interest in proceeding anonymously is considered particularly strong"). Jane Doe is not seeking to shield her legal name from use in discovery, and her legal name can be disclosed in a letter filed under seal, if requested to do so by this Court. "Because Jane Doe only wishes to shield her name from use in public court records, and not prevent the [defendant] from using it in order to obtain discovery, the Court does not find that allowing Doe to proceed pseudonymously will prejudice the [defendant]." *Doe v. City of Detroit*, Civil Action No. 18-cv-11295, *4-5 (E.D. Mich. July 17, 2018).

Respectfully submitted,

/s/ Jane Doe
Jane Doe
PO Box 4131
Windsor Locks, CT 06096
jane.doe.survivor.ct@gmail.com
(860) 386-5140
Plaintiff *pro se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion to Proceed under Pseudonym and for a Protective Order with Memorandum of Law in Support was mailed to counsel for the defendant at U.S. Attorney's Office for District of Connecticut, 450 Main St, Rm 328, Hartford, CT 06103; Attorney General of the United States, 950 Pennsylvania Ave, NW, Washington, DC, 20530; and Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr Ave, SE, Washington, DC 20528-0485, on 07/20/2022.

/s/ Jane Doe
Jane Doe
PO Box 4131
Windsor Locks, CT 06096
jane.doe.survivor.ct@gmail.com
(860) 386-5140
*Plaintiff pro se*