UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | : | Case No. 22-cv-805(OAW) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. DEP'T OF HOMELAND SECURITY, | : | |
|     Defendant. | : | October 18, 2022 |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Pursuant to Local Civil Rule 7(a)(1), Defendant United States Department of Homeland Security (DHS), respectfully submits this memorandum in support of its motion to dismiss the complaint for lack of subject-matter jurisdiction. Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction in this court, as both of her claims seek review of Transportation Security Administration (TSA)[1] screening procedures set forth in an "order" issued by the TSA Administrator, and such review is only available in an appropriate Court of Appeals under 49 U.S.C. § 46110. As explained below, Congress has exclusively channeled claims challenging TSA's screening procedures to the appellate courts, thereby depriving district courts of jurisdiction to hear such claims.

I. **BACKGROUND**

Plaintiff Jane Doe is a transgender woman who suffers from post-traumatic stress disorder (PTSD) as a result of a sexual assault that occurred in March 2020. (Compl., ¶¶14, 18, 19). On May 22, 2022, Plaintiff presented herself for security screening at a

---

[1] TSA is a component agency of Defendant DHS. *See* 6 U.S.C. § 203(2).

1

TSA checkpoint in Midway International Airport in Chicago. (*Id.*, ¶14.) Plaintiff's body and clothing were screened with an Advanced Imaging Technology (AIT) scanner,[2] which alarmed to indicate the possible presence of an object in the groin area. (*Id.*) To resolve the alarm, a TSA employee conducted a pat-down procedure that did not discover any prohibited items. (*Id.*, ¶¶15-16.) Plaintiff alleges that the pat-down was "reminiscent" of her past sexual assault and thus caused her to experience "psychiatric distress." (*Id.*, ¶19.)

Plaintiff claims that the TSA security screening procedures she experienced violate the Fourth Amendment to the United States Constitution and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* In particular, Plaintiff complains that TSA's AIT scanners rely on software that requires a TSA employee to indicate at the start of a scan whether the individual being screened is expected to have male or female sexual anatomy based on the individual's gender presentation. (*See* Compl., ¶8) (alleging that to initiate an AIT scan, "a TSA employee chooses a blue button or a pink button on the AIT machine's screen based on the employee's perception of the gender expression of the passenger"). According to Plaintiff, TSA employees commonly start AIT scans of transgender female passengers by indicating that they are expected to have female sexual anatomy based on their female gender presentation. (*See id.*, ¶9.) Plaintiff further alleges that if those passengers in fact have male sexual anatomy, the AIT software will produce

---

[2]AIT scanning uses millimeter-length electromagnetic waves to safely screen passengers "without physical contact for metallic and non-metallic threats, including weapons and explosives, which may be concealed under clothing." TSA Website, "Security Screening, Screening Technology," available at: https://www.tsa.gov/travel/security-screening.

an alarm, and TSA's screening procedures require that the alarm be resolved with a pat-down. (*See id.* (alleging that AIT software produces an alarm when a transgender woman is scanned as a female – meaning the AIT operator "pressed the pink button" to start the scan – but has "external genitalia that cisgender women do not have")); *see also id.*, ¶49 (alleging that AIT scanners are "known to" alarm when screening transgender women "due to their genitalia").) Plaintiff asserts that TSA's AIT screening procedures result in transgender women experiencing a "disproportionate percentage" of pat-downs. (*Id.*, ¶44.) She claims that those pat-downs are unreasonable under the Fourth Amendment to the extent they are "performed due to the AIT algorithms' reliance on gender/sex stereotyping." (*Id.*)

Separately, Plaintiff also claims that TSA's pat-down procedures violate the Rehabilitation Act because they do not allow for "any accommodation or modification [for] passengers with PTSD [post-traumatic stress disorder] from sexual assault." (*Id.*, ¶63.) Plaintiff asserts that "reasonable accommodations/modifications" could be provided and might include "using an alternative screening technology" or "explosive detection animal" rather than a pat-down. (*Id.*, ¶33.)

Plaintiff seeks only declaratory and prospective injunctive relief on the basis that she "is realistically threatened by a repetition of her experience when traveling in the future." (*Id.*, ¶55.)

## II. LEGAL STANDARD

"The district courts of the United States, as we have said many times, are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). It is

3

axiomatic that federal courts must dismiss actions where subject-matter jurisdiction is absent.  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  "[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir 2002).  A defendant may challenge the existence of subject-matter jurisdiction with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) that asserts "either a facial attack or a factual attack."  *Russo v. City of Hartford*, 184 F. Supp. 2d 169, 178 (D. Conn. 2002).  A facial attack questions the sufficiency of the pleading, and the court must take the factual allegations in the complaint as true and draw all inferences in favor of the plaintiff.  *Id.*  Importantly, however, the court is "not bound to accept as true a legal conclusion" pled in the complaint, even if it is "couched as a factual" allegation.  *Krys v. Piggott*, 749 F.3d 117, 128 (2d Cir. 2014).  The court also need not accept as true "allegations that are wholly conclusory."  *Id.*  When a defendant raises a factual attack, the court "must determine whether the factual predicate for subject-matter jurisdiction exists."  *Russo*, 184 F. Supp. 2d at 178.  "Therefore, there is no presumptive truthfulness to [even] the facts alleged in the complaint, and the court may consider evidentiary matter presented in an affidavit or otherwise in addition to the complaint."  *Id.* (citing *Kamen v. AT&T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

## III.     ARGUMENT

This court lacks subject-matter jurisdiction to hear Plaintiff's claims in this case under 49 U.S.C. § 46110.  That statute provides that the Courts of Appeals have "exclusive jurisdiction" over claims involving review of a TSA "order" issued in whole or in part pursuant to the agency's powers found in 49 U.S.C. § 114(l) or (s) or 49 U.S.C.

§§ 40101-47534. *See* 49 U.S.C. § 46110(c). Thus, the Courts of Appeals alone have authority "to affirm, amend, modify, or set aside" any part of such an order or to remand the order to the agency "to conduct further proceedings." *Id.* Accordingly, any challenge to a TSA order covered by 49 U.S.C. § 46110, including any claim that is inescapably intertwined with review of the order; *see Merritt v. Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001); must be filed as a petition for review in an appropriate court of appeals, and any claim seeking review of such an order that is filed in a district court must be dismissed for lack of subject-matter jurisdiction. *See* 49 U.S.C. § 46110(a) (providing that a petition for review may be filed "in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals . . . for the circuit in which the [petitioner] resides or has its principal place of business"); *In re September 11 Litigation*, 236 F.R.D. 164, 172 (S.D.N.Y. 2006) (explaining that "petitions for review of TSA's final orders are filed in the Courts of Appeals" and district courts "have no jurisdiction to review TSA's final orders").

Here, Plaintiff's complaint directly challenges TSA's policies and procedures for conducting passenger security screening. TSA's Administrator is charged by Congress with ensuring the pre-boarding screening of passengers and property to be carried aboard aircraft departing from an airport in the United States. *See* 49 U.S.C. §§ 44901, 44903. The policies and procedures by which the Administrator fulfills that mandate are set forth in the agency's Checkpoint Screening Standard Operating Procedures (SOP), which is a comprehensive document that governs how airline passengers and their personal property are screened at airport checkpoints, including by AIT and pat-downs. *See, e.g., Ruskai v. Pistole*, 775 F.3d 61, 63 (1st Cir. 2014) (explaining that the SOP governs AIT and pat-

5

down screening); *Elec. Privacy Info. Ctr. v. DHS*, 653 F.3d 1, 3 (D.C. Cir. 2011) (noting that the "details of the screening process" are "documented in a set of Standard Operating Procedures not available to the public.").[3] The SOP is issued at the direction of TSA's Administrator, and it is therefore "an 'order' within the meaning of § 46110." *Durso v. Napolitano*, 795 F. Supp. 2d 63, 69 (D.D.C. 2011); *see also Ruskai*, 775 F.3d at 65 (finding, in context of Fourth Amendment and Rehabilitation Act challenge to TSA screening procedures, that "TSA's security protocol" is set forth in the SOP "and refusal to grant [plaintiff]'s requested accommodation" from that protocol "constitute a final order" under § 46110); *Blitz*, 700 F.3d at 740 ("[T]he Checkpoint Screening SOP constitutes an order of the TSA Administrator under § 46110."); *Corbett v. United States*, 458 Fed. App'x 866, 869 (11th Cir. 2012) ("[C]onstruing the term 'order' broadly, the SOP was an order under § 46110."); *Roberts v. Napolitano*, 463 Fed. App'x 4, 5 (D.C. Cir. 2012) (holding that TSA's "SOPs are 'orders' within the meaning of section 46110").

Because Plaintiff's claims squarely challenge TSA's screening procedures, they cannot be adjudicated without review of the SOP. And as the SOP is an "order" under 49 U.S.C. § 46110, such review can only be obtained with a petition for review filed in an appropriate Court of Appeals. Plaintiff's complaint states plainly that she is "aggrieved by" TSA's screening procedures, which are set forth in the SOP; *see Merritt*, 245 F.3d at 188; as such, her claims in this court must be dismissed for lack of subject-matter

---

[3]TSA's SOP constitutes Sensitive Security Information (SSI) that cannot be publicly disclosed. *See* 49 U.S.C. § 114(r); 49 C.F.R. § 1520.5(b)(9)(i); *Blitz v. Napolitano*, 700 F.3d 733, 737 (4th Cir. 2012) ("[T]he specifics of [TSA's checkpoint screening procedures constitute sensitive security information.").

jurisdiction. *See, e.g., Blitz*, 700 F.3d at 743 (affirming district court ruling that § 46110 "deprived it of subject-matter jurisdiction" over a claim that implicated review of TSA's SOP); *Corbett*, 458 Fed. App'x 866 (affirming district court's dismissal for lack of subject-matter jurisdiction of "a complaint asserting that the use of AIT devices and pat-down searches" violated the Fourth Amendment); *Durso*, 795 F. Supp. 2d 63 (finding no subject-matter jurisdiction over Fourth Amendment claims challenging TSA's use of AIT and pat-downs "because the challenged screening procedures are employed pursuant to a TSA order"); *Vanbrocklen v. United States*, No. 08-cv-272, 2011 WL 721638, at *4 (W.D.N.Y. Feb. 22, 2011) (holding that to the extent plaintiff's allegations "challenge the TSA's screening procedures as being in violation of the Constitution, [the district court] lack[s] jurisdiction to consider such claims under 49 U.S.C. § 46110").

Perhaps anticipating the result dictated by the grant of exclusive jurisdiction to the Courts of Appeals, Plaintiff's complaint pleads that "[t]his is not an action pursuant to 49 U.S.C. § 46110 requesting this court to affirm, amend, modify or set aside any part of any TSA-issued order."  (Compl, ¶5). But that assertion is a legal conclusion rather than a factual allegation, and as such it is not entitled to be accepted as true for purposes of resolving Defendant's motion. *See Krys*, 749 F.3d at 128.  And despite Plaintiff's assertion, it is clear that her complaint does indeed challenge a TSA order – the SOP – and plainly seeks relief in the form of an injunction directing the agency to change its screening procedures.  (*See* Compl, ¶¶70-71.)

Moreover, even if it is somehow possible to read Plaintiff's claims and allegations such that they do not directly challenge TSA's SOP, they are still barred from adjudication in this court under the "inescapable-intertwinement doctrine" applicable to

7

49 U.S.C. § 46110.  *See, e.g., Merritt*, 245 F.3d at 187 ("More broadly, statutes such as Section 46110(c) that vest judicial review of administrative orders exclusively with the courts of appeals also preclude district courts from hearing claims that are 'inescapably intertwined' with review of such orders.").  The doctrine requires dismissal of "not only challenges to [TSA] orders but also any claims inescapably intertwined with the review of those orders." *Durso*, 795 F. Supp. 2d at 69; *accord Muir v. TSA*, No. 20-cv-1280, 2021 WL 231733, at *11 (C.D. Ill. Jan. 22, 2021) ("Furthermore, any claims 'inescapably intertwined' with review of [a TSA] order are subject to the jurisdictional limit in § 46110."); *Corbett*, 458 Fed. App'x at 871 (holding that "Corbett cannot escape the jurisdictional limitations of § 46110 by claiming that he asserts a broad constitutional challenge" because such a challenge "is inextricably intertwined with the SOP"); *Gilmore v. Gonzales*, 435 F.3d at 1125, 133 n.9 (9th Cir. 2006) (holding that like broad constitutional challenges, "as-applied challenges" to TSA procedures that "arise out of the particular facts" of a passenger's screening experience are also inescapably intertwined with review of TSA orders and thus "must be brought before the courts of appeals").

      Here, it is simply not possible for this court to adjudicate Plaintiff's claims without evaluating what the SOP prescribes for AIT and pat-down screening.  Even if Plaintiff does not intend to directly challenge TSA's SOP, the complaint certainly asserts claims and allegations that are inescapably intertwined with review of the SOP.  *See El-Bey v. Hilton*, No. 15-cv-3188, 2017 WL 3842596, at *5 (E.D.N.Y. Sep. 1, 2017) (explaining that whether a plaintiff "recognizes it or not," a claim seeking relief from application of a screening procedure "must take head on the SOP" or, "[a]t a minimum,"

raise issues that are "inextricably intertwined with the SOP"); *Muir*, 2021 WL 231733 (holding that § 46110 deprived district court of subject-matter jurisdiction to adjudicate separately enumerated count in complaint stating request for "a permanent injunction preventing Defendant TSA from unlawfully discriminating against him on the basis of his disability").

Such issues are barred from being heard in this court, and they should be dismissed for lack of subject-matter jurisdiction.

## IV.     **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's complaint be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

Vanessa Roberts Avery
United States Attorney

  /s/
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov