UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE,                                                      Case No. 3:22-cv-00805-OAW

        Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,

        Defendant.

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Plaintiff, Jane Doe, submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to File an Amended Complaint.

Since filing the original complaint, new information has developed that was not known previously to the Plaintiff. On November 7, 2022, the U.S. Government Accountability Office (GAO) published the final report, *Aviation Security: TSA Should Assess Potential for Discrimination and Better Inform Passengers of the Complaint Process* (GAO-23-105201).[1] In addition, the Plaintiff has also been able to find the report, *TSA's Section 504 Component Plan for Nondiscrimination of Individuals with Disabilities*.[2]

The GAO report reveals new information that would make amending the complaint in the interest of justice to clarify the facts, and clarify the most appropriate relief in light of the information available. The GAO report shows that the defendant has a pattern and practice of disproportionately selecting transgender passengers for additional administrative searches at TSA airport security checkpoints over the course of several years, and this may or may not change with the revised ATR algorithm that the defendant will be deploying in the near future.

---

1    https://www.gao.gov/assets/gao-23-105201.pdf
2    https://www.dhs.gov/sites/default/files/publications/tsa-disability-access-plan.pdf

Regarding passengers with disabilities, the GAO report notes that the TSA Checkpoint SOP explicitly allows offering disability accommodations for the screening process, although the training course on how to act in a non-discriminatory manner towards passengers with disabilities is optional. *TSA's Section 504 Component Plan* shows that TSA does not have any present policy/procedure for members of the public to request a disability accommodation, but is open to developing one, which would be a centralized request process across all TSA public activities/programs and not limited to aviation security.

     In light of the information set forth in the Amended Complaint, it explicitly states that the Defendant has shown deliberate indifference to having a pattern and practice of disproportionately selecting transgender individuals for additional administrative searches, in violation of the Fourth Amendment. The Amended Complaint also adds the related claim of violation of the equal protection of the law component of the Due Process Clause of the Fifth Amendment, alleging that unequal protection of the law due to the *quasi*-suspect class of transgender status. The requested relief is limited to declaratory relief that such discriminatory referrals for additional administrative searches due to transgender status violates the Fourth and Fifth Amendments. Declaratory relief would allow TSA the opportunity to address this through the method(s) it determines will be effective without requiring the court to change any specific TSA aviation security orders, which, at the present time, seems most appropriate given that these are in the process of being modified.

     The allegations behind the Rehabilitation Act of 1973 claim are clarified by adding that the TSA Contact Center, which refused to provide information to Plaintiff on how to request a disability accommodation, is a TSA component responsible for answering public questions; that the TSA Checkpoint SOP explicitly allows for the provision of disability accommodations; that

TSA considers its training course on "TSA's obligation to comply with federal civil rights laws, identify a reasonable accommodation request, and recognize how to prevent unfair treatment of the traveling public due to a disability" to be "optional"; and that Defendant has acknowledged in a Section 504 compliance report that TSA presently lacks any established policy/procedure for members of the public to request disability accommodations other than filing discrimination complaints regarding a specific past adverse screening event. The requested relief for this claim is appropriately modified to clarify that Plaintiff is seeking only declaratory relief that TSA is obligated under Section 504 to provide information on how to request a disability accommodation upon written request by a member of the public seeking to participate in the activity/program of TSA security checkpoint screening.

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." In addition, a district court "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991). Moreover, in this case, the Defendant did not provide the required Local Rule 12(a) notice regarding the process for how to amend a complaint, and the Defendant has also not agreed to a Fed.R.Civ.P. 26(f) meeting (based upon its subjective interpretation of the complaint as an appeal of an administrative proceeding)—which has made ascertaining relevant facts challenging. Allowing the Plaintiff to file the Amended Complaint would serve justice and promote judicial efficiency. There is no substantial/undue prejudice, bad faith, or undue delay that would be involved, nor does there appear to be futility, for filing an amended complaint.

In accordance with Local Rule 7(f), I note that despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position of the non-movant.[3]

Respectfully submitted,

/s/ Jane Doe
Jane Doe
PO Box 4131
Windsor Locks, CT 06096
jane.doe.survivor.ct@gmail.com
(860) 386-5140
Plaintiff *pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2022, the foregoing Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint was filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to John W. Larson, U.S. Attorney's Office for the District of Connecticut, counsel of record for the defendant.

/s/ Jane Doe
Jane Doe
PO Box 4131
Windsor Locks, CT 06096
jane.doe.survivor.ct@gmail.com
(860) 386-5140
*Plaintiff pro se*

---

3  The Plaintiff has waited four days for a response. In light of the pending Motion to Dismiss, the Plaintiff is filing this now without further delay to ensure that the Court is aware.