UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | : | Case No. 22-cv-805(OAW) |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. DEP'T OF HOMELAND SECURITY, | : | |
|    Defendant. | : | December 5, 2022 |

DEFENDANT'S OBJECTION TO MOTION TO AMEND COMPLAINT

Defendant objects to Plaintiff's motion for leave to amend the complaint (docket no. 24). Plaintiff's proposed amendment does nothing to cure the jurisdictional defect in this case, which issue has been briefed in Defendant's pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (*see* docket entries 21, 22, and 23). Consequently, because Plaintiff's proposed amendment would be futile, Defendant respectfully urges the court to deny Plaintiff's motion.

**I.      Background**

Plaintiff's complaint alleges that certain TSA security screening procedures violate the Fourth Amendment to the United States Constitution and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* On October 18, 2022, Defendant moved to dismiss the complaint for lack of subject matter jurisdiction.[1] Defendant's motion relies on 49 U.S.C.

---

[1] Plaintiff's motion notes that the undersigned did not provide Plaintiff (who is self-represented) with a copy of the Local Rule 12 notice upon filing the motion to dismiss. (Mot., 3.) Plaintiff is correct, and the undersigned regrets the error and apologizes to Plaintiff and to the court. Although Plaintiff has now filed both a memorandum in opposition to the motion to dismiss and a motion to amend the complaint, the undersigned will file and serve through ECF the Local Rule 12 notice. In any event, nothing pertaining to the Local Rule 12 notice changes the futility of Plaintiff's proposed amendment to the complaint.

§ 46110, which provides that the Courts of Appeals have "exclusive jurisdiction" over claims involving review of a TSA "order" issued in whole or in part pursuant to the agency's powers found in 49 U.S.C. § 114(l) or (s) or 49 U.S.C. §§ 40101-47534.  *See* 49 U.S.C. § 46110(c).  Defendant has argued that Plaintiff's claims fall within the scope of that channeling provision, which deprives this court of subject matter jurisdiction.  Defendant's motion is fully briefed and awaits adjudication.

On November 26, 2022, Plaintiff filed the instant motion to amend the complaint.  The motion cites (and the proposed amendment emphasizes) a November 7, 2022 report published by the United states Government Accountability Office (the "GAO"), which Plaintiff states "reveals new information that would make amending the complaint in the interest of justice to clarify the facts, and clarify the most appropriate relief in light of the information available."  (Mot., 1.)  According to the proposed amended complaint, the GAO report "analyzed the data available pertaining to discrimination during the TSA security checkpoint screening process."  (*See* docket entry no. 24-2, ¶14.)  The proposed amended complaint continues to allege Fourth Amendment and Rehabilitation Act violations and adds an alleged Fifth Amendment violation as count 2.  (*See id.*, at 10.)  The proposed amended complaint also specifies that the relief requested is declaratory in nature, seeking declarations that TSA's procedures violate the Fourth and Fifth Amendments, as well as the Rehabilitation Act.  (*Id.*, at 12.)

II.     **Legal Standard**

As relevant to this case, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave."  That provision goes on to state that "[t]he court should freely give leave when justice so requires."  Nevertheless, "[a]

district court may in its discretion deny leave to amend for good reason, including futility . . . ." *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021) (citation and quotation marks omitted); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend. . . . One appropriate basis for denying leave to amend is that the proposed amendment is futile" (citation and internal quotation marks omitted)). An amendment is "considered 'futile' if the amended pleading fails to state a claim, or would be subject to a successful motion to dismiss on some other basis." *Nwachukwu v. Liberty Bank*, 257 F. Supp. 3d 280, 286 (D. Conn. 2017). "Although the Court is normally accommodating to motions for leave to amend pro se complaints, the Court may deny such motions when amendment would be futile." *Glover v. HPC-Eight, LLC*, No. 3:20CV01535(SALM), 2022 WL 1004572, at *6 (D. Conn. Apr. 4, 2022) (internal quotation marks omitted).

### III.    Argument

In this case, Plaintiff's proposed amendment would be futile, and the court should exercise its discretion to deny Plaintiff's motion. Specifically, the proposed amended complaint does nothing to cure the original complaint's jurisdictional deficiencies and does not make Defendant's motion to dismiss any less compelling. Plaintiff's proposed amendment relies on the GAO report (which Plaintiff's filing illustrates is an analysis of TSA's screening procedures and the SOP) to allege that TSA's screening procedures reflect an unconstitutional "pattern and practice of disproportionately selecting transgender passengers for additional administrative searches" (Mot., 1), just as the original complaint alleged that TSA's use of the AIT in screening procedures violated Plaintiff's

constitutional rights. (*See* Compl. ¶¶47-49, 52.) The proposed amendment further relies on the GAO report to allege that TSA's alleged failure "to provide information on how to request a disability accommodation" in connection with "TSA security checkpoint screening" violates the Rehabilitation Act (Mot., 1); the original complaint, however, alleged exactly the same thing. (*See* Compl. ¶61 ("Defendant discriminates against Plaintiff's participation in [TSA security screening checkpoints] by failing to provide information on how to request a disability accommodation before traveling . . . .").)

As such, Plaintiff's proposed amendments do not meaningfully change the substance of the complaint, at least insofar as Plaintiff's allegations implicate 49 U.S.C. § 46110. For the reasons set forth in Defendant's motion papers, Plaintiff's claims – either those made in the original complaint or the proposed amended complaint – implicate that statutory provision, and the district court therefore lacks subject matter jurisdiction over the claims. Because there is no subject matter jurisdiction in this court in either case, Plaintiff's motion for leave to amend should be denied. *See, e.g., Strachan v. Schweiger*, No. 10-CV-4527 JFB WDW, 2011 WL 4056115, at *3 (E.D.N.Y. Sept. 12, 2011) ("the Court denies plaintiff's request to amend the complaint because any such amendment would be futile due to lack of subject matter jurisdiction").

### IV.     Conclusion

For the foregoing reasons, Defendant respectfully urges the court to exercise its discretion to deny Plaintiff leave to amend the complaint.

Respectfully submitted,

Vanessa Roberts Avery
United States Attorney

  /s/
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov

5