UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | : | Case No. 22-cv-805(OAW) |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. DEP'T OF HOMELAND SECURITY, | : | |
|    Defendant. | : | December 5, 2022 |

## MOTION TO STAY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c) and this court's inherent authority, Defendant respectfully moves the court to stay discovery pending the outcome of its motion to dismiss for lack of subject matter jurisdiction. In support of this motion, Defendant states as follows:

1. On June 23, 2022, Plaintiff filed the two-count complaint in this case, alleging that the screening procedures used by the Transportation Security Administration violate her Fourth Amendment rights and discriminate against her in violation of the Rehabilitation Act.[1]

2. On October 18, 2022, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Citing 49 U.S.C. § 46110, Defendant argued that the complaint challenges TSA's screening operating procedures constitute an "order" for purposes of the statute, which authorizes review only in the Court of Appeals rather than the District Court.

---

[1] On November 26, 2022, Plaintiff filed a motion to amend the complaint, to which Defendant has objected on futility grounds.

3. On November 6, 2022, Plaintiff filed her memorandum in opposition to Defendant's motion, and on November 21, 2022, Defendant filed its reply.

4. At the outset of the case, Defendant believed that the matter fell within the scope of Local Civil Rule 26(f)(3), which exempts from Rule 26(f) cases seeking "review of decisions of administrative agencies," in the sense that Plaintiff's claims called for judicial review of TSA's policies and procedures for conducting passenger security screening for their conformance with constitutional and statutory requirements. Those procedures are set forth in the agency's Checkpoint Screening Standard Operating Procedures, which as noted above Defendant believes amount to an administrative order of Defendant. Upon further reflection and after conferring with Plaintiff (who did not agree that the 26(f)(3) exception applied under the circumstances of this case and does not consent to a stay of discovery), Defendant files this motion.

5. "Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may, in its discretion, stay discovery 'for good cause.'" Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., No. 08 CIV. 2437 (RJS), 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). In this circuit, "[f]actors relevant to a court's determination of 'good cause' include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery." Id.; see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion.").

6. There is good cause in this case to stay discovery (and postpone the parties' Rule 26(f) obligations, if any) until resolution of Defendant's motion to dismiss the complaint. <u>First</u>, Defendant has filed a motion to dismiss the complaint in its entirety, on jurisdictional grounds, not those pertaining to pleading sufficiency, and Defendant submits that that motion, which is fully briefed, is meritorious. <u>Second</u>, there will be no prejudice to Plaintiff, since a short delay to postpone discovery pending resolution of Defendant's motion to dismiss will not render the discovery process any less effective, and there is no plausible concern regarding preservation of any agency materials pertinent to Plaintiff's claims.[2] <u>Third</u>, while Plaintiff has not yet propounded any discovery, given the nature of Plaintiff's claims – which now seek to allege a "pattern and practice" of unconstitutional conduct and unlawful discrimination on the part of Defendant – Defendant expects that Plaintiff will seek broad discovery that is national in scope and relates generally to TSA's screening policies and procedures rather than a discrete legal issue involving Plaintiff. Discovery along those lines would be especially burdensome to Defendant.

7. There also is particular good cause in this case for staying discovery because of the specific basis for Defendant's motion to dismiss. Section 46110 of Title 49 is a channeling statute which effectively protects Defendant from the burdens of District Court litigation, including those pertaining to discovery. In the event that

---

[2]Moreover, Plaintiff has noted that Defendant has announced planned changes to the TSA's screening process, which may well change the scope of discovery or the substance of Plaintiff's claims all together. (<u>See</u> Pl. Mem. in Opp. to Def. Mot. To Dismiss, docket no. 22, at 6.) As a result, a stay of discovery into Defendant's current policies and procedures is particularly nonprejudicial under the circumstances of this case.

Defendant is required to submit to the discovery process while its motion to dismiss is pending, Congressional intent with respect to channeling these types of cases to the Circuit Courts would be frustrated.

WHEREFORE, Defendant respectfully moves the court to stay discovery pending the outcome of Defendant's jurisdictional motion to dismiss the complaint.

Respectfully submitted,

Vanessa Roberts Avery
United States Attorney

  /s/
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov