UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE,                                                                 Case No. 3:22-cv-00805-OAW

        Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,

        Defendant.

PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Plaintiff, Jane Doe, submits this reply to the Defendant's Objection to the Plaintiff's Motion for Leave to File an Amended Complaint.

**1. In *pro se* cases, courts have generally granted leave to file an amended complaint, even when subject-matter jurisdiction was unclear**

When it is clear that an amended complaint would not establish subject-matter jurisdiction, it is appropriate to deny leave to file an amended complaint on the basis of futility. *See Strachan v. Schweiger*, No 10-CV-4527 (JFB) (WDW), at *1 (E.D.N.Y. Sep. 12, 2011) ("the Court has fully considered plaintiff's motion to amend and denies that motion because the proposed amended complaint does not, and *cannot*, correct the lack of subject matter jurisdiction") (emphasis added).

However, when there is any possibility that an amended complaint might be able to establish subject-matter jurisdiction, district courts in the Second Circuit generally have permitted *pro se* plaintiffs leave to file an amended complaint, even in cases where the likelihood of success appeared to be vanishingly small. *See Bey v. 279 Capital LLC*, 17-CV-4488 (RRM) (LB), at *4-5 (E.D.N.Y. May 19, 2020) (granting a *pro se* plaintiff leave to amend the complaint

because the court could not rule out the possibility that the plaintiff might be able to plead sufficient facts as a basis for subject matter jurisdiction in an amended complaint). *See also Obot v. Verizon Commc'ns*, 16-CV-894-A, at *3-4 (W.D.N.Y. Mar. 6, 2018) (granting a *pro se* plaintiff, out of an abundance of caution due to *pro se* status, leave to file an amended complaint to establish subject matter jurisdiction, rather than dismissing the action). *See also Naughton v. Naughton*, No. 11-CV-2865(SLT)(LB), at *3 (E.D.N.Y. Aug. 23, 2011) (granting a *pro se* plaintiff leave to amend the complaint following dismissal for lack of subject matter jurisdiction).

**2. The amended complaint is not futile in establishing subject-matter jurisdiction.**

For the constitutional claims, the amended complaint adds pertinent factual allegations. For example, a key addition is a GAO study that interviewed TSA employees, concluding transgender passengers have been disproportionately referred for additional screening compared to other passengers. In addition, the GAO study also concluded it was unclear whether a change to the ATR algorithm would solve the long-standing problem of disproportionate referrals for transgender individuals. An additional factual allegation includes how the Plaintiff was told that she should anticipate being subjected to additional administrative searches at TSA airport security checkpoints because she was transgender. In light of this information, the relief has been broadened appropriately to focus on the pattern-and-practice of unlawful additional searches, targeted at transgender individuals, with a related unequal protection of the law claim.

As such, the amended complaint's constitutional claims would not fall within 49 U.S.C. § 46110's exclusive review provision. The gravamen of this claim is a broad, facial challenge of an agency's deliberate indifference to a pattern and practice of discriminatory referrals for additional administrative searches targeted at transgender individuals over the course of more

than a decade, rather than an as-applied challenge to analyze one individual's circumstances or a judicial review of the procedures or merits of specific aviation security orders.[1] In addition, the declaratory relief being sought in the amended complaint would not be a direct or collateral attack on any specific TSA aviation security order—the sought declaratory relief would ensure that the Defendant takes seriously the need to reduce discriminatory referrals for additional searches of transgender individuals, to be accomplished in whatever way the agency determines will be most effective, while, at the same time, not compelling any specific procedural changes in aviation security orders.[2] Finally, the requested declaratory relief cannot be obtained via a petition for review pursuant to 49 U.S.C. § 46110 because there is no analogous modification to any TSA aviation security order that would result in similar relief[3]—neither the Plaintiff, nor the Defendant, in this case has identified any specific modification(s) to any TSA order(s) that would provide the same, or even similar enough, relief as that requested in the amended complaint.

For the Rehabilitation Act of 1973 claim, the claim in the amended complaint is narrowed —TSA needs to provide information on its own request process for how to request a disability accommodation—such that the claim would now, even more clearly, not involve any modification to any existing TSA order lawfully issued pursuant to its aviation security authorities.[4] This avoids any scenario where a district court would need to analyze whether or not

---

[1] For published case law employing the facial vs. as-applied analysis, see *Amerijet Int'l, Inc. v. U.S. Dep't of Homeland Sec.*, 43 F. Supp. 3d 4 (D.D.C. 2014) and *Long v. Pekoske*, 38 F.4th 417 (4th Cir. 2022).

[2] For published case law analyzing whether a district court action would negate a specific matter previously decided by a prior administrative order, see *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 189 (2d Cir. 2001) ("Such overlap is relevant only if the claim attacks the matters decided by the administrative order").

[3] For published case law analyzing whether district court preclusion would foreclose all meaningful judicial relief of any matter other than the specific content of an order, see *Id.* at 188, and *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212-13, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994).

[4] While it is Plaintiff's understanding from cited documents, as discussed in the amended complaint, that there is not any aviation security order prohibiting TSA's customer service center (Contact Center) from giving information on how to request a disability accommodation to participate in its public programs/activities, the Plaintiff notes that if there were such a non-public order ordering employees not to give information on how to request a disability accommodation, that would be an order issued in excess of TSA's aviation security authorities, and, thus, outside the scope of 49 U.S.C. § 46110.

specific proposed disability accommodations for the Plaintiff would result in a fundamental alteration of a TSA program or activity conducted pursuant to an aviation security order. As such the amended complaint would not require any judicial review of the procedures or merits of an order within 49 U.S.C. § 46110's exclusive review provision.

Respectfully submitted,

/s/ Jane Doe
Jane Doe
PO Box 4131
Windsor Locks, CT 06096
jane.doe.survivor.ct@gmail.com
(860) 386-5140
Plaintiff *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2022, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to John W. Larson, U.S. Attorney's Office for the District of Connecticut, counsel of record for the defendant.

/s/ Jane Doe
Jane Doe
PO Box 4131
Windsor Locks, CT 06096
jane.doe.survivor.ct@gmail.com
(860) 386-5140
*Plaintiff pro se*